Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 West 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

| | |
|---|---|
| ARMANDO PASCUAL REYES, *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| | |
| Plaintiff, | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| | |
| -against- | **ECF Case** |
| | |
| COPPOLA'S TUSCAN GRILL, LLC (d/b/a COPPOLA'S WEST), SALVADOR COPPOLA, LUIS MENDIEPA AND MARIANO OUAPA, | |
| | |
| *Defendants.* | |

----------------------------a----------------------------------
X

Plaintiff ARMANDO PASCUAL REYES ("Plaintiff Pascual Reyes" or "Mr. Pascual Reyes"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Coppola's Tuscan Grill, LLC (d/b/a Coppola's West) ("Defendant Corporation"), SALVADOR COPPOLA, Luis Mendiepa and Mariano Ouapa (collectively, "Defendants"), upon information and belief, alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Pascual Reyes was an employee of Defendants Coppola's Tuscan Grill, LLC (d/b/a Coppola's West), SALVADOR COPPOLA, Luis Mendiepa and Mariano Ouapa.

1

2.     Coppola's West is an Italian Restaurant owned by Salvador Coppola located at 206 W. 79th St., New York, NY 10024.

3.     Upon information and belief, Defendants Salvador Coppola Luis Mendiepa and Mariano Ouapa serve or served as owners, managers, principals, or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Pascual Reyes was employed as a porter, and delivery worker at the restaurant located at 206 W. 79th St., New York, NY 10024.

5.     However, when ostensibly working as a delivery worker, Plaintiff Pascual Reyes was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to sweeping and mopping the entire place, cleaning bathrooms, the basement and the outside area of the restaurant and all other porter duties, stocking deliveries that would arrive to the restaurant, packing deliveries for pick-ups and for external delivery companies such as Doordash and Uber and refilling  containers with plates and utensils (hereinafter, "the non-delivery, non-tip duties").

6.     Plaintiff Pascual Reyes regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage overtime compensation or spread of hours pay for any of the hours that he worked each week.

7.     Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Pascual Reyes appropriately for any hours worked either at the straight rate or overtime compensation for the hours over 40.

8.     Further, Defendants failed to pay Plaintiff Pascual Reyes the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants employed and accounted for Plaintiff Pascual Reyes as a delivery worker in their payroll, but in actuality Plaintiff Pascual Reyes's duties required a significant amount of time spent in non-tipped, non-delivery duties.

10.     Regardless of duties, Defendants paid Plaintiff Pascual Reyes and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.     In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Pascual Reyes's non-tipped duties exceeded 20% of each workday 12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Pascual Reyes's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Pascual Reyes at the minimum wage rate.

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Pascual Reyes's and other tipped employees' tips.

14.     At all times, regardless of duties, Defendants paid Plaintiff Pascual Reyes and all other delivery workers at a rate that was lower than either the required minimum wage rate or the tip-credit rate.

15.     Defendants' conduct extended beyond Plaintiff Pascual Reyes to all other similarly situated employees.

16.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Pascual Reyes and other employees to work in excess of forty (40) hours per week without providing the applicable minimum wage and overtime compensation required by federal and state laws and regulations.

17.     Plaintiff Pascual Reyes now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 19, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

18.      Plaintiff Pascual Reyes seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Pascual Reyes's state law claims is conferred by 28 U.S.C. § 1367(a).

20.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff Pascual Reyes was employed by Defendants in this district.

## PARTIES

*Plaintiff*

21.     Plaintiff ARMANDO PASCUAL REYES ("Plaintiff Pascual Reyes" or "Mr. Pascual Reyes") is an adult individual residing in New York County, New York.

22.     Plaintiff Pascual Reyes was employed by Defendants from approximately October 2017 until on or about July 19, 2021.

23.     Plaintiff Pascual Reyes consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     Defendants owned, operated and/or controlled an Italian restaurant located at 206 W. 79th St., New York, NY 10024 under the name of Coppola's West, at all times relevant to this complaint.

25.     Upon information and belief, Defendant Coppola's Tuscan Grill, LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 206 W. 79th St., New York, NY 10024.

26.     Defendant Salvador Coppola is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Salvador Coppola is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

Defendant Salvador Coppola possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Salvador Coppola   determined the wages and compensation of employees, including Plaintiff Pascual Reyes, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27.     Defendant Luis Mendiepa is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Luis Mendiepa is sued individually in his capacity as a manager of Defendant Corporation. Defendant Luis Mendiepa possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Luis Mendiepa determined the wages and compensation of employees, including Plaintiff Pascual Reyes, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

28.     Defendant Mariano Ouapa is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Mariano Ouapa is sued individually in his capacity as a manager of Defendant Corporation. Defendant Mariano Ouapa possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Mariano Ouapa   determined the wages and compensation of employees, including Plaintiff Pascual Reyes, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.    Defendants own, operate and/or control an Italian restaurant located in the Upper West side section of Manhattan in New York City.

30.    Individual Defendants Salvador Coppola, Luis Mendiepa and Mariano Ouapa possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

31.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.    Each Defendant possessed substantial control over Plaintiff Pascual Reyes's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Pascual Reyes, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiff Pascual Reyes, and all similarly situated individuals, and are Plaintiff Pascual Reyes's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiff Pascual Reyes and/or similarly situated individuals.

35.    Upon information and belief, Individual Defendant Salvador Coppola operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

7

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e)     operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of his own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiff Pascual Reyes's employers within the meaning of the FLSA and NYLL.

37.     Defendants had the power to hire and fire Plaintiff Pascual Reyes, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Pascual Reyes's services.

38.     In each year from 2017 to 2021, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

40.     Plaintiff Pascual Reyes is a former employee of Defendants, who was employed as a porter and ostensibly as a delivery worker. However, when ostensibly working as a delivery worker, he spent more than 20% of each day performing the non-delivery, non-tip duties outlined above.

41.     Plaintiff Pascual Reyes seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Armando Pascual Reyes*

42.     Plaintiff Pascual Reyes was employed by Defendants from approximately October 2017 until on or about July 19, 2021.

43.     At all relevant times, Plaintiff Pascual Reyes was employed by Defendants to work as a porter and ostensibly as a delivery worker.

44.     However, Plaintiff Pascual Reyes was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

45.     Although Plaintiff Pascual Reyes was ostensibly employed as a delivery worker, he spent more than 20% of his work time performing non-delivery work throughout his employment with Defendants.

9

46.     Plaintiff Pascual Reyes regularly handled goods in interstate commerce, such as cleaning fluids and other supplies necessary to perform his duties as a porter and delivery worker.

47.     Plaintiff Pascual Reyes's work duties required neither discretion nor independent judgment.

48.     From approximately October 2017 until on or about March 2020, Plaintiff Pascual Reyes worked from approximately 10:00 a.m. until on or about 8:30 p.m., six days a week (typically 63 hours per week).

49.     From approximately March 2020 until on or about June 2021, Plaintiff Pascual Reyes worked from approximately 10:00 a.m. until on or about 8:30 p.m. six days a week (typically 52.5 hours per week).

50.     From approximately June 2021 until on or about July 19, 2021, Plaintiff Pascual Reyes worked from approximately 10:00 a.m. until on or about 4:00 p.m. five days a week (typically 30 hours per week).

51.     Throughout his employment, defendants paid Plaintiff Pascual Reyes his wages in cash or by personal check.

52.     From approximately October 2017 until on or about July 19, 2021, defendants paid Plaintiff Pascual Reyes a fixed salary of $75 per day.

53.     However, Defendants did not pay Plaintiff Pascual Reyes $1575 in wages for three weeks he worked from March to April 2020.

54.     In addition, Defendants withheld $770 in tips that Plaintiff Pascual Reyes had earned during his last week of work.

55.     Plaintiff Pascual Reyes's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

56.     For example, from approximately October 2017 until on or about June 2021, Defendants required Plaintiff Pascual Reyes to work an additional 4 to 5 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

57.     Although Defendants allegedly granted Plaintiff Pascual Reyes 30-minute meal periods, they always required him to go back to work only 5 to 10 minutes into those breaks.

58.     Plaintiff Pascual Reyes was never notified by Defendants that his tips were being included as an offset for wages

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Pascual Reyes's wages.

60.     Defendants withheld a portion of Plaintiff Pascual Reyes's tips; specifically, Defendants withheld the sum of $770 that Plaintiff Pascual Reyes had earned in tips.

61.     Plaintiff Pascual Reyes was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

62.   Defendants required Plaintiff Pascual Reyes to sign a document, which had false number of hours worked and amount of pay he received, in order to release his weekly pay.

63.   On a number of occasions, Defendants required Plaintiff Pascual Reyes to sign a document, which falsely stated that he was receiving an hourly rate equal to or higher than the minimum wage rate required by New York labor law.

64.   Defendants did not provide Plaintiff Pascual Reyes with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

65.   Defendants did not provide Plaintiff Pascual Reyes with each wage statement, a statement of payment, as required by NYLL § 195(3).

66.   Defendants did not give any notice to Plaintiff Pascual Reyes, in English and in Spanish (Plaintiff Pascual Reyes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.   Defendants required Plaintiff Pascual Reyes to purchase "tools of the trade" with his own funds—including three electric bicycles and a helmet.

*Defendants' General Employment Practices*

68.   At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Pascual Reyes and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate

minimum wage, overtime compensation, and spread of hours pay as required by federal and state laws.

69.     Plaintiff Pascual Reyes was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

70.     Defendants' pay practices resulted in Plaintiff Pascual Reyes not receiving payment for all his hours worked, and resulted in Plaintiff Pascual Reyes's effective rate of pay falling below the required minimum wage rate.

71.     Defendants habitually required their employees, including Plaintiff Pascual Reyes, to work additional time beyond their regular shifts, but did not provide them with any additional compensation.

72.     Defendants required Plaintiff Pascual Reyes to perform general non-delivery, non-tipped restaurant tasks in addition to his primary duties as a delivery worker.

73.     Plaintiff Pascual Reyes was employed ostensibly as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing non-tipped duties.

74.     Plaintiff Pascual Reyes and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants.

75.      however, under state law Defendants were not entitled to a tip credit because Plaintiff Pascual Reyes non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

76.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received" (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

77.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78.     Plaintiff Pascual Reyes's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

79.     In violation of federal and state law, as discussed above, Defendants classified Plaintiff Pascual Reyes as a tipped employee but they did not even pay him at the required tip credit rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

80.     Defendants failed to inform Plaintiff Pascual Reyes that his tips would be credited towards the payment of the minimum wage.

81.     At no time did Defendants inform Plaintiff Pascual Reyes that they had reduced his hourly wage by a tip allowance.

82.     Defendants failed to maintain a record of tips earned by Plaintiff Pascual Reyes for the deliveries he made to customers.

83.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Pascual Reyes who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a delivery worker of a portion of the tips earned during the course of employment.

84.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

85.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

86.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

87.    Defendants paid Plaintiff Pascual Reyes his wages in cash or by personal check.

88.    On a number of occasions, Defendants required Plaintiff Pascual Reyes to sign a document which falsely stated the hours he worked and the wages he received.

89.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Pascual Reyes (and similarly situated individuals) worked, and to avoid paying Plaintiff Pascual Reyes properly for (1) his full hours worked, (2) for minimum wage, (3) for overtime due and (4) his spread of hours pay.

90.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA

15

and NYLL.

91.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Pascual Reyes and other similarly situated current and former delivery workers.

92.     Defendants failed to provide Plaintiff Pascual Reyes and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

93.     Defendants failed to provide Plaintiff Pascual Reyes and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

94.     Plaintiff Pascual Reyes brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Coppola's West (the "FLSA Class").

95.     At all relevant times, Plaintiff Pascual Reyes and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Pascual Reyes's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

96.     The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

97.      Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

98.     At all times relevant to this action, Defendants were Plaintiff Pascual Reyes's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Pascual Reyes (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

99.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

100.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

101.     Defendants failed to pay Plaintiff Pascual Reyes (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

102.     Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

103.     Plaintiff Pascual Reyes (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

104.     Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

105.     Defendants, in violation of the FLSA, failed to pay Plaintiff Pascual Reyes (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular

rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

106.    Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

107.    Plaintiff Pascual Reyes (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

108.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

109.    At all times relevant to this action, Defendants were Plaintiff Pascual Reyes' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Pascual Reyes (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

110.    Defendants, in violation of the NYLL, paid Plaintiff Pascual Reyes (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

111.    Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Pascual Reyes (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS)**

113.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

114.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Pascual Reyes (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

115.    Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

116.    Plaintiff Pascual Reyes (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

117.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to pay Plaintiff Pascual Reyes (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Pascual Reyes's spread of hours exceeded ten hours in violation of New York Lab. Law

§§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor

codified at N.Y. COMP. CODES R. & REGS. Tit. 19, § 146-1.6.

119.    Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members)

an additional hour's pay for each day Plaintiff Pascual Reyes's (and the FLSA Class members)

spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law

§ 663.

120.    Plaintiff Pascual Reyes (and the FLSA Class members) were damaged in an

amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

121.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully

set forth herein.

122.    Defendants failed to provide Plaintiff Pascual Reyes with a written notice, in

English and in Spanish (Plaintiff Pascual Reyes's primary language), of their rate of pay, regular

pay day, and such other information as required by NYLL §195(1).

123.    Defendants are liable to Plaintiff Pascual Reyes in the amount of $5,000, together

with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

124.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully

set forth herein.

125.    Defendants did not provide Plaintiff Pascual Reyes with wage statements upon

21

each payment of wages, as required by NYLL 195(3).

126.    Defendants are liable to Plaintiff Pascual Reyes in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

127.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though set forth fully herein.

128.    Defendants required Plaintiff Pascual Reyes to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as a bicycle, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

129.    Plaintiff Pascual Reyes was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION
### OF THE NEW YORK LABOR LAW

130.    Plaintiff Pascual Reyes repeats and realleges all paragraphs above as though fully set forth herein.

131.    At all relevant times, Defendants were Plaintiff Pascual Reyes's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

132.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

133.   Defendants unlawfully misappropriated a portion of Plaintiff Pascual Reyes's tips that were received from customers.

134.   Defendants knowingly and intentionally retained a portion of Plaintiff Pascual Reyes's tips in violations of the NYLL and supporting Department of Labor Regulations.

135.   Plaintiff Pascual Reyes was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Pascual Reyes respectfully requests that this Court enter judgment against Defendants:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)   Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pascual Reyes and the FLSA class members;

(c)   Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pascual Reyes and the FLSA class members;

(d)   Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Pascual Reyes's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken

against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Pascual Reyes and the FLSA class members;

(f)    Awarding Plaintiff Pascual Reyes and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Pascual Reyes and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pascual Reyes and the members of the FLSA Class;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pascual Reyes and the members of the FLSA Class;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Pascual Reyes and the members of the FLSA Class;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Guaman's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Pascual Reyes and the FLSA Class members;

(m)     Awarding Plaintiff Pascual Reyes and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiff Pascual Reyes and the FLSA class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Pascual Reyes and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Pascual Reyes and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Pascual Reyes and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Pascual Reyes demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
      August 20, 2021

                MICHAEL FAILLACE & ASSOCIATES, P.C.

                    /s/ Michael Faillace
            By:    Michael Faillace [MF-8436]
                  Michael Faillace & Associates, P.C.
                  Michael A. Faillace [MF-8436]
                  60 West 42nd Street, suite 4510
                  New York, New York 10165
                  Telephone: (212) 317-1200
                  Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

August 9, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Armando Pascual Reyes

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     9 de Agosto de 2021