UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ARMANDO PASCUAL REYES, individually
and on behalf of others similarly situated,

                          Plaintiff,

      -against-

COPPOLA'S TUSCAN GRILL, LLC (d/b/a
COPPOLA'S WEST), SALVADOR
COPPOLA, LUIS MENDIEPA AND
MARIANO OUAPA,
                       Defendants.
------------------------------------------------------X

1:21-cv-07040-AT

**CERTIFICATE OF SERVICE**

Fidel Lozano certifies as follows:

I am a natural person above the age of eighteen years and am not a party in the above-captioned action. On the sixth day of May, 2022, our process server served AFFIRMATION of Clela A. Errington, Esq. in Support re: 44 Proposed Order to Show Cause Without Emergency Relief, Document filed by Armando Pascual Reyes(individually), Armando Pascual Reyes(on behalf of others similarly situated). (Attachments: # 1 Ex. 1 - Complaint, # 2 Ex. 2 - Affidavit of Service on Coppola, # 3 Ex. 3 - Affidavit of Service on Mendiepa, # 4 Ex. 4 - Affidavit of Service on Ouapa, # 5 Ex. 5 - Affidavit of Service on Copollas' Tuscan Grill LLC, # 6 Ex. 6 - Certificate of Default on Coppola, # 7 Ex. 7 - Certificate of Default on Mendiepa, # 8 Ex. 8 - Certificate of Default on Ouapa, # 9 Ex. 9 - Certificate of Default on Coppola's Tuscan Grill LLC, # 10 Ex. 10 - Declaration of Armando Pascual Reyes, # 11 Ex. 11 - Calculation of Damages, # 12 Ex. 12 - Attorney Fees, # 13 Ex. 13 - Proposed Judgment).(Dkt. No. 45), Proposed Default Judgment (Dkt. No. 46), and Judge Analisa Torres's Order (Dkt. No. 47) , via Process Server, to:

Mariano Ouapa
c/o Coppola's West
206 West 79th Street
New York, NY 10024

Salvador Coppola
c/o Coppola's West
206 West 79th Street
New York, NY 10024

Luis Mandiepa
c/o Coppola's West
206 West 79th Street
New York, NY 10024


Coppola's Tuscan Grill, LLC
c/o Salvador Coppola
206 West 79th Street
New York, NY 10024

FIDEL LOZANO

 **Gmail**

**Fidel Lozano <fidel@csm-legal.com>**

---

## DGR 573929 Legal Status Update for: 1:21-CV-07040 LUIS MANDIEPA
1 message

**DGR Notification** <donotreply@dgrlegal.com>                                                 Fri, May 6, 2022 at 5:38 PM
To: fidel@csm-legal.com
Cc: litigation@dgrlegal.com


Thank you for choosing DGR - The Legal Support Solution!


Your assignment has been updated.

** THIS IS AN AUTOMATED NOTIFICATION; DO NOT REPLY TO THIS EMAIL. **
Please forward or send any requests or changes to Service@dgrlegal.com

Client: CSM LEGAL, P.C.
Contact: FIDEL LOZANO
Invoice #: 573929
File No: 1:21-CV-07040
Case No: 1:21-CV-07040
Case Name: REYES VS. COPPOLA'S


Documents:
FILED ORDER; PROPOSED DEFEAULT JUDGMENT; COMPLAINT WITH EXHIBITS
ARMANDO PASCUAL REYES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY
SITUATED
COPPOLA'S TUSCAN GRILL, LLC D/B/A COPPOLA'S WEST, ET AL

Subject: LUIS MANDIEPA
C/O COPPOLA'S TUSCAN GRILL, LLC D/B/A COPPOLA'S WEST

Service address(es):

206 WEST 79TH STREET

NEW YORK        NY 10024

Status:
05/03/22 5:40 PM  SERVER SPOKE TO RECEPTIONIST WHO STATED
                THAT NO ONE IS AVAILABLE TO ACCEPT DOCUMENTS
                AT THIS TIME & THAT SOMEONE WILL BE IN ON
                FRIDAY WHO IS AUTHORIZED TO ACCEPT.
                WILL CONTINUE TO ATTEMPT SERVICE.
05/06/22 3:38 PM  SERVED - ACCEPTED BY "JOHN DOE".

This is an automated notification; do not reply to this email.
Notifications are only generated weekdays between the hours of
8 am and 6 pm.

If you have any questions or comments, call (973) 403-1700 for
a live customer service representative.

 Gmail

**Fidel Lozano <fidel@csm-legal.com>**

## DGR 573928 Legal Status Update for: 1:21-CV-07040 SALVADOR COPPOLA
1 message

**DGR Notification** <donotreply@dgrlegal.com>                    Fri, May 6, 2022 at 5:38 PM
To: fidel@csm-legal.com
Cc: litigation@dgrlegal.com


Thank you for choosing DGR - The Legal Support Solution!


Your assignment has been updated.

** THIS IS AN AUTOMATED NOTIFICATION; DO NOT REPLY TO THIS EMAIL. **
Please forward or send any requests or changes to Service@dgrlegal.com

Client: CSM LEGAL, P.C.
Contact: FIDEL LOZANO
Invoice #: 573928
File No: 1:21-CV-07040
Case No: 1:21-CV-07040
Case Name: REYES VS. COPPOLA'S


Documents:
FILED ORDER; PROPOSED DEFEAULT JUDGMENT; COMPLAINT WITH EXHIBITS
ARMANDO PASCUAL REYES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY
SITUATED
COPPOLA'S TUSCAN GRILL, LLC D/B/A COPPOLA'S WEST, ET AL

Subject: SALVADOR COPPOLA
C/O COPPOLA'S TUSCAN GRILL, LLC D/B/A COPPOLA'S WEST

Service address(es):

206 WEST 79TH STREET

NEW YORK          NY 10024

Status:
05/03/22 5:40 PM  SERVER SPOKE TO RECEPTIONIST WHO STATED
                  THAT NO ONE IS AVAILABLE TO ACCEPT DOCUMENTS
                  AT THIS TIME & THAT SOMEONE WILL BE IN ON
                  FRIDAY WHO IS AUTHORIZED TO ACCEPT.
                  WILL CONTINUE TO ATTEMPT SERVICE.
05/06/22 3:38 PM  SERVED - ACCEPTED BY "JOHN DOE".
                  NAME REFUSED.

This is an automated notification; do not reply to this email.
Notifications are only generated weekdays between the hours of
8 am and 6 pm.

If you have any questions or comments, call (973) 403-1700 for
a live customer service representative.

5/13/22, 1:48 PM
Csm-legal.com Mail - DGR 573925 Legal Status Update for: 1:21-CV-07040 MARIANO OUAPA
Case 1:21-cv-07040-AT Document 49 Filed 05/13/22 Page 5 of 72

 Gmail

**Fidel Lozano <fidel@csm-legal.com>**

---

## DGR 573925 Legal Status Update for: 1:21-CV-07040 MARIANO OUAPA
1 message

---

**DGR Notification** <donotreply@dgrlegal.com>                     Fri, May 6, 2022 at 5:39 PM
To: fidel@csm-legal.com
Cc: litigation@dgrlegal.com

Thank you for choosing DGR - The Legal Support Solution!

Your assignment has been updated.

** THIS IS AN AUTOMATED NOTIFICATION; DO NOT REPLY TO THIS EMAIL. **
Please forward or send any requests or changes to Service@dgrlegal.com

Client: CSM LEGAL, P.C.
Contact: FIDEL LOZANO
Invoice #: 573925
File No: 1:21-CV-07040
Case No: 1:21-CV-07040
Case Name: REYES VS. COPPOLA'S

Documents:
FILED ORDER; PROPOSED DEFEAULT JUDGMENT; COMPLAINT WITH EXHIBITS
ARMANDO PASCUAL REYES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY
SITUATED
COPPOLA'S TUSCAN GRILL, LLC D/B/A COPPOLA'S WEST, ET AL

Subject: MARIANO OUAPA
C/O COPPOLA'S TUSCAN GRILL, LLC D/B/A COPPOLA'S WEST

Service address(es):

206 WEST 79TH STREET

NEW YORK          NY 10024

Status:
05/03/22 5:40 PM  SERVER SPOKE TO RECEPTIONIST WHO STATED
                  THAT NO ONE IS AVAILABLE TO ACCEPT DOCUMENTS
                  AT THIS TIME & THAT SOMEONE WILL BE IN ON
                  FRIDAY WHO IS AUTHORIZED TO ACCEPT.
                  WILL CONTINUE TO ATTEMPT SERVICE.
05/06/22 3:38 PM  SERVED - ACCEPTED BY "JOHN DOE".
                  NAME REFUSED.

This is an automated notification; do not reply to this email.
Notifications are only generated weekdays between the hours of
8 am and 6 pm.

If you have any questions or comments, call (973) 403-1700 for
a live customer service representative.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ARMANDO PASCUAL REYES, *individually and on*
*behalf of others similarly situated,*

*Plaintiffs,*

-against-

COPPOLA'S TUSCAN GRILL, LLC (d/b/a
COPPOLA'S WEST), SALVADOR COPPOLA,
LUIS MENDIEPA AND MARIANO OUAPA,
*Defendants.*
------------------------------------------------------X

21-cv-7040

**DECLARATION OF**
**CLELA ERRINGTON IN**
**SUPPORT OF**
**PLAINTIFF'S MOTION**
**FOR <u>DEFAULT</u>**
**<u>JUDGMENT</u>**

Clela Errington, an attorney duly admitted to practice in New York and in this Court, affirms on penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I represent Plaintiff in this lawsuit for unpaid wages, liquidated damages, and attorneys' fees under the FLSA and New York Labor Law and regulations.

2.      I submit this affirmation in support of Plaintiff's application for a default judgment against COPPOLA'S TUSCAN GRILL, LLC (d/b/a COPPOLA'S WEST), SALVADOR COPPOLA, LUIS MENDIEPA AND MARIANO OUAPA.

<u>Procedural History</u>

3.      Plaintiff commenced this action by filing the Complaint (and associated documents) on August 20, 2021. A true and accurate copy of the Complaint is attached hereto as **Exhibit 1.**

4.      This is an action for unpaid minimum and overtime wages, spread of hours pay, under the Fair Labor Standards Act (29 U.S.C. § 201 et seq., "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. *See* Exhibit 1.

5.      The Court has subject matter jurisdiction of the Plaintiff's federal claims pursuant to 29 U.S.C. § 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over

the New York state law claims (such as the NYLL) under 28 U.S.C. § 1367(a) (supplemental jurisdiction).  *See* Exhibit 1.

6.      A summons and copy of the Complaint was properly served on Defendant Salvador Coppola on August 26, 2021. A true and accurate copy of the affidavit of service is attached hereto as **Exhibit 2.**

7.      A summons and copy of the Complaint was properly served on Luis Mendiepa. on August 26, 2021. A true and correct copy of the affidavit of service is attached hereto as **Exhibit 3.**

8.      A summons and copy of the Complaint was properly served on Defendant Mariano Ouapa on August 26, 2021. A true and correct copy of the affidavit of service is attached hereto as **Exhibit 4.**

9.      A summon and copy of the Complaint was properly served on Defendant Coppola's Tuscan Grill, LLC on January 26, 2022. A true and correct copy of the affidavit of service is attached hereto as **Exhibit 5.**

10.     Upon information and belief, Defendants are neither an infants nor incompetent persons nor in the active service of the United States military.

11.     The Clerk of the Court noted default against Defendant Salvador Coppola on March 1, 2022 A true and correct copy of the Certificates of Default is attached as **Exhibit 6.**

12.     The Clerk of the Court noted default against Defendant Luis Mendiepa on March 1, 2022. A true and correct copy of the Certificates of Default is attached as **Exhibit 7**

13.     The Clerk of the Court noted default against Defendant Mariano Ouapa on March 1, 2022. A true and correct copy of the Certificates of Default is attached as **Exhibit 8.**

14.     The Clerk of the Court noted default against Defendant Coppola's Tuscan Grill LLC on March 2, 2022. A true and correct copy of the Certificates of Default is attached as **Exhibit 9.**

15.     The Declaration of Armando Pascual Reyes ("Plaintiff Declaration") in support of this motion for default judgment is annexed as **Exhibit 10**.

16.     No part of the judgment sought has been paid.

<u>Statement of Facts Supporting Entry of Judgment</u>

17.     As alleged in the Complaint, Amended Complaint, and as stated in Plaintiff's Declaration, Defendants control an Italian Restaurant on the Upper West Side of Manhattan, New York. (Complaint ¶ 2).

18.     Plaintiff is a former employee of Defendants. (Complaint ¶ 40).

19.     Defendants had the power to hire and fire Plaintiff, controlled Plaintiff's terms and conditions of employment, and determined the rate and method of Plaintiffs, compensation. (Complaint ¶ 37).

20.     Defendants had employees who handled and used goods that were produced outside the State of New York and travelled through interstate commerce.  (Complaint ¶ 39).

21.     Upon information and belief, from approximately 2017 until on or about 2021 Defendants had a gross volume of sales that exceeded $500,000. (Complaint ¶ 38),

22.     Defendants regularly required Plaintiff to work without paying him minimum wage and overtime compensation (Complaint ¶ 16).

<u>Armando Pascual Reyes</u>

3

23.     Plaintiff Armando Pascual Reyes ("Plaintiff") was employed as a porter and ostensibly as a delivery worker by Defendants from approximately October 2017 until on or about July 19, 2021.  (Complaint ¶ 43, Plaintiff Declaration ¶ 8).

24.     Plaintiff's work did not require discretion or independent judgment**.** (Complaint ¶ 47, Plaintiff Declaration ¶ 9).

25.     From approximately October 2017 until on or about March 2020, Plaintiff Pascual Reyes worked from approximately 10:00 a.m. until on or about 8:30 p.m., six days a week (typically 63 hours per week). (Complaint ¶ 48, Plaintiff Declaration ¶ 10).

26.      From approximately March 2020 until on or about June 2021, Plaintiff Pascual Reyes worked from approximately 10:00 a.m. until on or about 8:30 p.m. five days a week (typically 52.5 hours per week). (Complaint ¶ 49, Plaintiff Declaration ¶ 11).

27.      From approximately June 2021 until on or about July 19, 2021, Plaintiff Pascual Reyes worked from approximately 10:00 a.m. until on or about 4:00 p.m. five days a week (typically 30 hours per week). (Complaint ¶ 50, Plaintiff Declaration ¶ 12).

28.     Throughout Plaintiff's entire employment, Defendant paid him his wages by cash or personal check. (Complaint ¶ 51, Plaintiff Declaration ¶ 14)

29.     From approximately October 2017 until on or about July 19, 2021, defendants paid Plaintiff Pascual Reyes a fixed salary of $75 per day. (Complaint ¶ 52, Plaintiff Declaration ¶ 13)

30.     Defendants did not pay Plaintiff for three weeks that he worked from March to April 2020. (Complaint ¶ 53, Plaintiff Declaration ¶ 17)

31.     Defendants withheld approximately $770.00 in tips that Plaintiff earned during his last week or work. (Complaint ¶ 54, Plaintiff Declaration ¶ 18)

4

32.     Plaintiff Pascual Reyes's pay did not vary even when he was required to stay later or work a longer day than his usual schedule. For example, from approximately October 2017 until on or about June 2021, Defendants required Plaintiff Pascual Reyes to work an additional 4 to 5 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.  (Complaint ¶ 56, Plaintiff Declaration ¶ 13)

33.      Although Defendants allegedly granted Plaintiff Pascual Reyes 30-minute meal periods, they always required him to go back to work only 5 to 10 minutes into those breaks. (Complaint ¶ 57, Plaintiff Declaration ¶ 19)

34.     Plaintiff Pascual Reyes was never notified by Defendants that his tips were being included as an offset for wages. (Complaint ¶ 58, Plaintiff Declaration ¶ 20)

35.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Pascual Reyes's wages. (Complaint ¶ 59, Plaintiff Declaration ¶ 21)

36.     Defendants withheld a portion of Plaintiff Pascual Reyes's tips; specifically, Defendants withheld the sum of $770 that Plaintiff Pascual Reyes had earned in tips. (Complaint ¶ 60, Plaintiff Declaration ¶ 18)

37.     Plaintiff Pascual Reyes was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked. (Complaint ¶ 61 Plaintiff Declaration ¶ 23)

38.     Defendants required Plaintiff Pascual Reyes to sign a document, which had false number of hours worked and amount of pay he received, in order to release his weekly pay. (Complaint ¶ 62 Plaintiff Declaration ¶ 25)

39.     On a number of occasions, Defendants required Plaintiff Pascual Reyes to sign a

document, which falsely stated that he was receiving an hourly rate equal to or higher than the minimum wage rate required by New York labor law. (Complaint ¶ 63 Plaintiff Declaration ¶ 25)

40.     Defendants did not provide Plaintiff Pascual Reyes with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked. (Complaint ¶ 64 Plaintiff Declaration ¶ 24).

41.     Defendants did not provide Plaintiff  an accurate statement of wages, as required by NYLL 195(3). (Complaint ¶ 65 Plaintiff Declaration ¶ 24).

42.     Defendants did not provide Plaintiff with any written notice of his rate of pay in English and in Spanish (his primary language) of his employer's regular pay day and other information required by NYLL §195(1). (Complaint ¶ 66, Plaintiff Declaration ¶ 25).

43.     Defendants required Plaintiff to purchase "tools of the trade" with his own funds – including three electric bicycles and a helmet, in the amount of $5,150.00 (Complaint ¶ 50, Plaintiff Declaration ¶ 27).

<u>Plaintiffs are entitled to Judgment by Default</u>

44.     It is well settled that Defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

45.     Defendants have failed to file an answer or otherwise respond to the Amended Complaint, despite the time to do so have expired.

46.     Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment.

47.     Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. <u>Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc</u>., 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting <u>Tamarin v. Adam Caterers, Inc.</u>, 13 F.3d 51, 54 (2d Cir. 1993)).

48.     Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages, including back pay, liquidated damages, and prejudgment interest, should be awarded in the amount of $184,569.07, and attorneys' fees and costs should be awarded in the amount of $.

<u>Plaintiff's Damages Calculation</u>

49.     Annexed as **Exhibit 11** is a chart setting out the damages Plaintiff is entitled to recover.

50.     In the damages chart, the Plaintiffs' wage and hour damages (including unpaid wages, overtime wage damages, spread of hours wage damages, liquidated damages, and interest) are calculated in segments of time, broken into "Pay Periods." Each pay period calculates the number of weeks in each period ("No. of Weeks in Pay Period"), and then based upon each of the Plaintiff's affidavits, lists the number of hours worked per week in each period ("Hours Per Week in Period). The applicable minimum wage data, and associated overtime rate, are included as applicable for each pay period. Then there is a column for Paid Wages, the first column calculates

7

the "regular rate of pay" for each period by dividing the amount actually paid each week to each Plaintiff (the "Credited Weekly Pay") for each period, then dividing that amount by the "Hours Per Week in Period"). The overtime rate is calculated using a 1.5 multiplier for time and a half overtime calculations later in the chart. The "Credited Weekly Pay" is the amount of money actually paid and is based upon the Plaintiffs' affidavit. The information the number of days each week in that period for which the Plaintiffs worked in excess of 10 hours per day is also included, and was therefore entitled to Spread of Hours Pay ("No. of SOH Days Per Wk in Period").

51.     Calculations within the Chart – The "Lawful Weekly Pay" column of the chart calculates what the Plaintiff should have been paid per week during each pay period. The actual formula used in this column is as follows:((greater of minimum wage or calculated base pay) * Hours Per Week up to 40) + ((greater time and a half rate) * (Hours Per Week over forty, if any)).

52.     The chart therefore automatically determines whether the effective calculated base rate of pay falls below the minimum wage, and if it does, it discards it. If it does not, it uses it for the subsequent calculations (as the Plaintiff is entitled to earn at least the minimum wage). The chart then automatically calculates what the hours should have been compensated at under the base rate of pay up to the first 40 hours of work per week, and then at time-and-a-half pay for any hours over 40. The Chart then subtracts the amount actually paid to Plaintiff (the "Credited Weekly Pay") and then derives the "Underpayment per Week." This number is then multiplied by the number of weeks in each period and derives the total damages due for unpaid minimum wages and overtime for each period ("Unpaid Wages & OT"). The Chart then applies the liquidated damages provisions of the NYLL to the "Unpaid Wages and OT" automatically in the "Liq. Damages on Wages & OT" by 25% for damages occurring prior to April 9, 2011, if any, and 100% for any subsequent damages.

53. The unpaid spread of hours pay ("Unpaid Spread of Hours (SOH) Pay") is derived by multiplying (the number of SOH days per week) * (the number of weeks per period) * (the minimum wage). The liquidated damages on SOH pay are all calculated at the rate of 100%.

54. The legal basis for the damages calculations within the chart are set out below.

Back Pay

55. At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $7.25 per hour. Employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). From 2011 to 2013, the minimum wage under New York law was the same as under the FLSA.

56. The New York Minimum Wage for businesses with ten or more employees in New York City was $11.00 per hour as of December 31, 2016. It increased to $13.00 per hour as of December 31, 2017. It increased to $15.00 per hour as of December 31, 2018.

57. New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 142-2.2.

58. The onus is on the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." Zeng Liu v. Jen Chu Fashion Corp, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004) (the court accepted the Plaintiff's estimates of hours worked).

> An employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated[,] and if he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference. The burden then shifts to the employer to

9

come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), and other cases).

59.     Here, Plaintiff was not paid minimum wage and overtime compensation at the lawful rate. Rather, defendants paid a fixed daily salary. When divided by the hours that Plaintiff worked, this resulted in him being paid below the statutory minimum wage. *See* Exhibit 11.

60.     Defendants were not entitled to take a tip credit for the following because 1) Defendants were not entitled to a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146). 2) Defendants failed to inform Plaintiff that Defendants intended to take a deduction against his earned wages for tip income, as required by the NYLL before any deduction may be taken. 12 NYCRR 146-1.3.

61.     Furthermore, during certain times during his employment, Plaintiff was paid at a wage that is lower than the minimum cash wage amount the employers in New York City are required to pay tipped workers. 12 NYCRR 146-1.3.

62.     The Plaintiff's wage and hour damages (including overtime wage damages, spread of hours wage damages, liquidated damages, and interest) are calculated in segments of time, broken into "Pay Periods."  Each pay period calculates the number of weeks in each period ("No. of Weeks in Pay Period"), and then based upon each of the Plaintiff's affidavits, lists the number of hours worked per week in each period ("Hours Per Week in Period). The applicable minimum wage data, and associated overtime rate, are included as applicable for each pay period. Then there is a column for Paid Wages, the first column calculates the "regular rate of pay" for each period by dividing the amount actually paid each week to each Plaintiff (the "Credited Weekly Pay") for

each period, then dividing that amount by 40 pursuant to 12 NYCRR §146-3.5, which sets forth this standard for calculating effective hourly rate for employees in the hospitality industry who were unlawfully paid a fixed weekly salary. The overtime rate is calculated using a 1.5 multiplier for time and a half overtime calculation later in the chart.  The "Credited Weekly Pay" is the amount of money actually paid and is based upon the Plaintiff's affidavits. *See* Ex. 11

63.     Plaintiff is entitled to unpaid minimum wages and overtime compensation in the amount of $107,603.88.

64.     As of March 4, 2022, Plaintiff is entitled to $24,748.59 in prejudgment interest on wages and overtime. *See* Exhibit 9.

<div align="center">Spread of Hours Pay</div>

65.      Plaintiff is also entitled to "spread-of-hours" pay under the New York spread-of-hours regulation, which requires employers to pay workers for an additional hour of overtime-rate pay beyond their regular pay when the workday is more than ten (10) hours.  12 N.Y.C.R.R. § 146-1.6; Angamarca v. Pita Grill 7 Inc., 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012).

66.     As set out above, Plaintiff routinely worked more than 10 hours per day during his employment with the Defendants.

67.     Plaintiff is entitled to $15,309.00 in unpaid spread of hours pay. As of March 4, 2022, Plaintiff is entitled to $3,566.09 in prejudgment interest on the unpaid spread of hours pay. See Exhibit 11

<div align="center">Three Year Statute of Limitations Under FLSA</div>

68.     Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years.  29 U.S.C. § 255(a).

<div align="center">11</div>

69.     Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Damassia v. Duane Reade, Inc., 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."). Willfulness is also established when an employer fails to investigate whether its compensation policy was legal.  See Hardrick v. Airway Freights Systems, Inc., 63 F. Supp. 2d 898, 904 (N.D.Ill. 1999);   v. IBP, Inc., 339 F.3d 894, 909 (9th Cir. 2003), aff'd, 126 S.Ct. 514 (2005) (upholding the three-year statute of limitations because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

70.     In the present matter, Defendants were aware, or should have been aware, of the existence of the FLSA and its overtime requirements. However, the Defendants knew or disregarded the fact that their conduct was prohibited by the FLSA. Furthermore, even if the Defendants did not know of the FLSA, the Defendants' actions are still willful because the Defendants failed to investigate whether their compensation policy was legal.  See Hardrick, 63 F. Supp. 2d at 904.

71.     Moreover, the Defendants failed to post the required information concerning the minimum wage laws and paid the Plaintiff in cash without any sort of pay stub or receipt.

72.     This deliberate decision to disregard both FLSA and New York law, as well as Defendant' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law.   Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005)("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages") (internal quotations omitted).

73.     As Plaintiff can establish that Defendants' violation of the FLSA was willful, they are entitled to a three-year limitations period under the FLSA, i.e., starting from April 8, 2013, three years before the complaint was filed.  See, e.g., Decraene v. Neuhaus (U.S.A.), Inc., 2005 U.S. Dist. LEXIS 10836 at *23-*24 (S.D.N.Y. 2005).   Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness.  N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA.  See Godlewska v. Human Dev. Assoc., Inc., 2006 U.S. Dist. LEXIS 30519 at *12 (E.D.N.Y. May 18, 2006).   Therefore, back pay under the New York Labor Law should be calculated from the start of Plaintiff's employment, which was less than six years from the filing date.

## Wage Notice and Statement Violations

74.     Defendants never provided Plaintiff with annual notices of their wages, or a wage statement, as required by NYLL §§ 195(1), 195(3).

75.     Plaintiff is thus entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.00.

## Liquidated Damages

76.     Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages").   The employer can make this award discretionary, however, by a showing of good faith.  29 U.S.C. § 260.  In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is

13

mandatory.  Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime.  29 U.S.C. § 216(b).

77.    Likewise, under the NYLL, "an employee is also entitled to liquidated damages 'equal to one hundred percent of the total of such underpayments found to be due,' unless the employer proves a good faith basis for believing he or she was in compliance with the law." Wei, 2014 U.S. Dist. LEXIS 182325, *23 (quoting N.Y. Lab. Law § 663(1)).

78.    Given the uncontroverted evidence of Defendants' lack of good faith Plaintiff is entitled by statute to liquidated damages under the New York Labor Law, computed at 25% of the unpaid minimum and overtime wages for the period of time prior to April 9, 2011 and 100% for any subsequent unpaid minimum and overtime wages.

79.    Plaintiff's total unpaid wages equal $107,603.88, all incurred after April 9th, 2011. Thus, he is entitled to 100% liquidated damages in the amount of $107,603.88.  See Exhibit 11.

80.    Plaintiff's total unpaid spread of hours pay equal $15,309.00. They are entitled to 100% liquidated damages in the amount of $15,309.00. See Exhibit 11.

<u>Attorneys' Fees and Costs</u>

81.    The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

82.    Plaintiff incurred costs and attorneys' fees in pursuing this action, and seeks an award of reasonable attorney's fees and costs in the amount of $4,887.00.

83.     The costs are a total of $ 727.00 including a filing fee of $400.00 and fees associated with serving the Defendants with the summons and complaint.

84.     A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, in the form of this firm's standard billing sheet is attached hereto as **Exhibit 12**.

85.     The timekeepers on this matter are indicated by the following initials and have the following rates:

       a.    "CE" – Clela Errington - $350 per hour
       b.   "PL" – Paralegal work, $100 per hour

A brief biography of each attorney who performed billed work in this matter is as follows:

       i.    Clela A. Errington is an associate at CSM LEgal P.C.

She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joined her current firm in 2020.

<u>Conclusion</u>

86.     Based on the above information and exhibits, Plaintiff asserts the record supports a judgment against the Defendant in favor of Plaintiff in the total amount of $184,842.20 for unpaid minimum and overtime wages and damages, spread of hour pay and damages, liquidated damages, prejudgment interest and other claims. Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

87.     A proposed judgment is attached as **Exhibit 13.**

88.     Additionally, Plaintiff is entitled to $4,821.00 in attorneys' fees and costs.   See Exhibit 12.

89.     As shown herein, no inquest is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by the Plaintiff that allows damages to be calculated with reasonable certainty.

90.     No part of the judgment sought has been paid.

91.     Sufficient definitive information and documentation is provided such that the amount provided for in the proposed judgment can be calculated, based upon allegations contained in the Complaint, and supplemented by the Plaintiff's affidavit accompanying these motion papers.

92.     Plaintiff also makes a request for interest on the principal amount of the judgment not to exceed 9%, as stated above and in the damages calculations.

93.     Plaintiff also requests that  the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

94.     The calculations made in arriving at the proposed judgment amount are set forth in both the explanation above, and in the damages chart itself.

95.     For the reasons stated above and in the accompanying exhibits, the Plaintiff's motion for a default judgment should be granted.

Dated: New York, New York
      March 21, 2022

<div style="text-align:right">/s_____<br> Clela Errington, Esq.</div>

Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 West 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ARMANDO PASCUAL REYES, *individually and on*        **COMPLAINT**
*behalf of others similarly situated,*

                                     **COLLECTIVE ACTION**
                  *Plaintiff,*              **UNDER 29 U.S.C. § 216(b)**

               -against-                **ECF Case**

COPPOLA'S TUSCAN GRILL, LLC (d/b/a
COPPOLA'S WEST), SALVADOR COPPOLA,
LUIS MENDIEPA AND MARIANO OUAPA,

                   *Defendants.*
--------------------------a------------------------------------
X

       Plaintiff ARMANDO PASCUAL REYES ("Plaintiff Pascual Reyes" or "Mr. Pascual

Reyes"), individually and on behalf of others similarly situated, by and through his attorneys,

Michael Faillace & Associates, P.C., and as against each of Defendants Coppola's Tuscan Grill,

LLC (d/b/a Coppola's West) ("Defendant Corporation"), SALVADOR COPPOLA, Luis

Mendiepa and Mariano Ouapa (collectively, "Defendants"), upon information and belief, alleges

as follows:

## <u>NATURE OF ACTION</u>

       1.       Plaintiff Pascual Reyes was an employee of Defendants Coppola's Tuscan Grill,

LLC (d/b/a Coppola's West), SALVADOR COPPOLA, Luis Mendiepa and Mariano Ouapa.

1

2.    Coppola's West is an Italian Restaurant owned by Salvador Coppola located at 206 W. 79th St., New York, NY 10024.

3.    Upon information and belief, Defendants Salvador Coppola Luis Mendiepa and Mariano Ouapa serve or served as owners, managers, principals, or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Pascual Reyes was employed as a porter, and delivery worker at the restaurant located at 206 W. 79th St., New York, NY 10024.

5.    However, when ostensibly working as a delivery worker, Plaintiff Pascual Reyes was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to sweeping and mopping the entire place, cleaning bathrooms, the basement and the outside area of the restaurant and all other porter duties, stocking deliveries that would arrive to the restaurant, packing deliveries for pick-ups and for external delivery companies such as Doordash and Uber and refilling containers with plates and utensils (hereinafter, "the non-delivery, non-tip duties").

6.    Plaintiff Pascual Reyes regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage overtime compensation or spread of hours pay for any of the hours that he worked each week.

7.    Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Pascual Reyes appropriately for any hours worked either at the straight rate or overtime compensation for the hours over 40.

8.     Further, Defendants failed to pay Plaintiff Pascual Reyes the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants employed and accounted for Plaintiff Pascual Reyes as a delivery worker in their payroll, but in actuality Plaintiff Pascual Reyes's duties required a significant amount of time spent in non-tipped, non-delivery duties.

10.     Regardless of duties, Defendants paid Plaintiff Pascual Reyes and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.     In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Pascual Reyes's non-tipped duties exceeded 20% of each workday 12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Pascual Reyes's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Pascual Reyes at the minimum wage rate.

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Pascual Reyes's and other tipped employees' tips.

14.     At all times, regardless of duties, Defendants paid Plaintiff Pascual Reyes and all other delivery workers at a rate that was lower than either the required minimum wage rate or the tip-credit rate.

15.     Defendants' conduct extended beyond Plaintiff Pascual Reyes to all other similarly situated employees.

16.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Pascual Reyes and other employees to work in excess of forty (40) hours per week without providing the applicable minimum wage and overtime compensation required by federal and state laws and regulations.

17.     Plaintiff Pascual Reyes now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 19, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

18.      Plaintiff Pascual Reyes seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Pascual Reyes's state law claims is conferred by 28 U.S.C. § 1367(a).

20.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff Pascual Reyes was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

21.     Plaintiff ARMANDO PASCUAL REYES ("Plaintiff Pascual Reyes" or "Mr. Pascual Reyes") is an adult individual residing in New York County, New York.

22.     Plaintiff Pascual Reyes was employed by Defendants from approximately October 2017 until on or about July 19, 2021.

23.     Plaintiff Pascual Reyes consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     Defendants owned, operated and/or controlled an Italian restaurant located at 206 W. 79th St., New York, NY 10024 under the name of Coppola's West, at all times relevant to this complaint.

25.     Upon information and belief, Defendant Coppola's Tuscan Grill, LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 206 W. 79th St., New York, NY 10024.

26.     Defendant Salvador Coppola is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Salvador Coppola is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

5

Defendant Salvador Coppola possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Salvador Coppola  determined the wages and compensation of employees, including Plaintiff Pascual Reyes, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27.    Defendant Luis Mendiepa is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Luis Mendiepa is sued individually in his capacity as a manager of Defendant Corporation. Defendant Luis Mendiepa possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Luis Mendiepa determined the wages and compensation of employees, including Plaintiff Pascual Reyes, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

28.    Defendant Mariano Ouapa is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Mariano Ouapa is sued individually in his capacity as a manager of Defendant Corporation. Defendant Mariano Ouapa possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Mariano Ouapa  determined the wages and compensation of employees, including Plaintiff Pascual Reyes, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants own, operate and/or control an Italian restaurant located in the Upper West side section of Manhattan in New York City.

30.     Individual Defendants Salvador Coppola, Luis Mendiepa and Mariano Ouapa possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Pascual Reyes's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Pascual Reyes, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiff Pascual Reyes, and all similarly situated individuals, and are Plaintiff Pascual Reyes's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff Pascual Reyes and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendant Salvador Coppola operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

7

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e)    operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of his own with Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiff Pascual Reyes's employers within the meaning of the FLSA and NYLL.

37.    Defendants had the power to hire and fire Plaintiff Pascual Reyes, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Pascual Reyes's services.

38.    In each year from 2017 to 2021, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

40.     Plaintiff Pascual Reyes is a former employee of Defendants, who was employed as a porter and ostensibly as a delivery worker. However, when ostensibly working as a delivery worker, he spent more than 20% of each day performing the non-delivery, non-tip duties outlined above.

41.     Plaintiff Pascual Reyes seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Armando Pascual Reyes*

42.     Plaintiff Pascual Reyes was employed by Defendants from approximately October 2017 until on or about July 19, 2021.

43.     At all relevant times, Plaintiff Pascual Reyes was employed by Defendants to work as a porter and ostensibly as a delivery worker.

44.     However, Plaintiff Pascual Reyes was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

45.     Although Plaintiff Pascual Reyes was ostensibly employed as a delivery worker, he spent more than 20% of his work time performing non-delivery work throughout his employment with Defendants.

46.     Plaintiff Pascual Reyes regularly handled goods in interstate commerce, such as cleaning fluids and other supplies necessary to perform his duties as a porter and delivery worker.

47.     Plaintiff Pascual Reyes's work duties required neither discretion nor independent judgment.

48.     From approximately October 2017 until on or about March 2020, Plaintiff Pascual Reyes worked from approximately 10:00 a.m. until on or about 8:30 p.m., six days a week (typically 63 hours per week).

49.     From approximately March 2020 until on or about June 2021, Plaintiff Pascual Reyes worked from approximately 10:00 a.m. until on or about 8:30 p.m. six days a week (typically 52.5 hours per week).

50.     From approximately June 2021 until on or about July 19, 2021, Plaintiff Pascual Reyes worked from approximately 10:00 a.m. until on or about 4:00 p.m. five days a week (typically 30 hours per week).

51.     Throughout his employment, defendants paid Plaintiff Pascual Reyes his wages in cash or by personal check.

52.     From approximately October 2017 until on or about July 19, 2021, defendants paid Plaintiff Pascual Reyes a fixed salary of $75 per day.

53.     However, Defendants did not pay Plaintiff Pascual Reyes $1575 in wages for three weeks he worked from March to April 2020.

54. In addition, Defendants withheld $770 in tips that Plaintiff Pascual Reyes had earned during his last week of work.

55. Plaintiff Pascual Reyes's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

56. For example, from approximately October 2017 until on or about June 2021, Defendants required Plaintiff Pascual Reyes to work an additional 4 to 5 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

57. Although Defendants allegedly granted Plaintiff Pascual Reyes 30-minute meal periods, they always required him to go back to work only 5 to 10 minutes into those breaks.

58. Plaintiff Pascual Reyes was never notified by Defendants that his tips were being included as an offset for wages

59. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Pascual Reyes's wages.

60. Defendants withheld a portion of Plaintiff Pascual Reyes's tips; specifically, Defendants withheld the sum of $770 that Plaintiff Pascual Reyes had earned in tips.

61. Plaintiff Pascual Reyes was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

11

62.     Defendants required Plaintiff Pascual Reyes to sign a document, which had false number of hours worked and amount of pay he received, in order to release his weekly pay.

63.     On a number of occasions, Defendants required Plaintiff Pascual Reyes to sign a document, which falsely stated that he was receiving an hourly rate equal to or higher than the minimum wage rate required by New York labor law.

64.     Defendants did not provide Plaintiff Pascual Reyes with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

65.     Defendants did not provide Plaintiff Pascual Reyes with each wage statement, a statement of payment, as required by NYLL § 195(3).

66.     Defendants did not give any notice to Plaintiff Pascual Reyes, in English and in Spanish (Plaintiff Pascual Reyes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.     Defendants required Plaintiff Pascual Reyes to purchase "tools of the trade" with his own funds—including three electric bicycles and a helmet.

*Defendants' General Employment Practices*

68.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Pascual Reyes and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate

minimum wage, overtime compensation, and spread of hours pay as required by federal and state laws.

69.     Plaintiff Pascual Reyes was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

70.     Defendants' pay practices resulted in Plaintiff Pascual Reyes not receiving payment for all his hours worked, and resulted in Plaintiff Pascual Reyes's effective rate of pay falling below the required minimum wage rate.

71.     Defendants habitually required their employees, including Plaintiff Pascual Reyes, to work additional time beyond their regular shifts, but did not provide them with any additional compensation.

72.     Defendants required Plaintiff Pascual Reyes to perform general non-delivery, non-tipped restaurant tasks in addition to his primary duties as a delivery worker.

73.     Plaintiff Pascual Reyes was employed ostensibly as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing non-tipped duties.

74.     Plaintiff Pascual Reyes and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants.

75.      however, under state law Defendants were not entitled to a tip credit because Plaintiff Pascual Reyes non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

76.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received" (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

77.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78.     Plaintiff Pascual Reyes's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

79.     In violation of federal and state law, as discussed above, Defendants classified Plaintiff Pascual Reyes as a tipped employee but they did not even pay him at the required tip credit rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

80.     Defendants failed to inform Plaintiff Pascual Reyes that his tips would be credited towards the payment of the minimum wage.

81.     At no time did Defendants inform Plaintiff Pascual Reyes that they had reduced his hourly wage by a tip allowance.

82.     Defendants failed to maintain a record of tips earned by Plaintiff Pascual Reyes for the deliveries he made to customers.

83.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Pascual Reyes who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a delivery worker of a portion of the tips earned during the course of employment.

84.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

85.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

86.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

87.    Defendants paid Plaintiff Pascual Reyes his wages in cash or by personal check.

88.    On a number of occasions, Defendants required Plaintiff Pascual Reyes to sign a document which falsely stated the hours he worked and the wages he received.

89.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Pascual Reyes (and similarly situated individuals) worked, and to avoid paying Plaintiff Pascual Reyes properly for (1) his full hours worked, (2) for minimum wage, (3) for overtime due and (4) his spread of hours pay.

90.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA

15

and NYLL.

91.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Pascual Reyes and other similarly situated current and former delivery workers.

92.     Defendants failed to provide Plaintiff Pascual Reyes and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

93.     Defendants failed to provide Plaintiff Pascual Reyes and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

94.     Plaintiff Pascual Reyes brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Coppola's West (the "FLSA Class").

95.     At all relevant times, Plaintiff Pascual Reyes and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Pascual Reyes's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

96.     The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

97.      Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

17

98.     At all times relevant to this action, Defendants were Plaintiff Pascual Reyes's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Pascual Reyes (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

99.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

100.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

101.     Defendants failed to pay Plaintiff Pascual Reyes (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

102.     Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

103.     Plaintiff Pascual Reyes (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

104.     Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

105.     Defendants, in violation of the FLSA, failed to pay Plaintiff Pascual Reyes (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular

rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

106.    Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

107.    Plaintiff Pascual Reyes (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

108.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

109.    At all times relevant to this action, Defendants were Plaintiff Pascual Reyes' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Pascual Reyes (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

110.    Defendants, in violation of the NYLL, paid Plaintiff Pascual Reyes (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

111.    Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Pascual Reyes (and the FLSA Class Members) were damaged in an amount to be determined at trial.

19

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS)

113.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

114.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Pascual Reyes (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

115.    Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

116.    Plaintiff Pascual Reyes (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

117.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to pay Plaintiff Pascual Reyes (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Pascual Reyes's spread of hours exceeded ten hours in violation of New York Lab. Law

§§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 19, § 146-1.6.

119.    Defendants' failure to pay Plaintiff Pascual Reyes (and the FLSA Class members) an additional hour's pay for each day Plaintiff Pascual Reyes's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

120.    Plaintiff Pascual Reyes (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

121.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

122.    Defendants failed to provide Plaintiff Pascual Reyes with a written notice, in English and in Spanish (Plaintiff Pascual Reyes's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

123.    Defendants are liable to Plaintiff Pascual Reyes in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

124.    Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

125.    Defendants did not provide Plaintiff Pascual Reyes with wage statements upon

21

each payment of wages, as required by NYLL 195(3).

126. Defendants are liable to Plaintiff Pascual Reyes in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

127. Plaintiff Pascual Reyes repeats and re-alleges all paragraphs above as though set forth fully herein.

128. Defendants required Plaintiff Pascual Reyes to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as a bicycle, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

129. Plaintiff Pascual Reyes was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION
### OF THE NEW YORK LABOR LAW

130. Plaintiff Pascual Reyes repeats and realleges all paragraphs above as though fully set forth herein.

131. At all relevant times, Defendants were Plaintiff Pascual Reyes's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

132. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

133. Defendants unlawfully misappropriated a portion of Plaintiff Pascual Reyes's tips that were received from customers.

134. Defendants knowingly and intentionally retained a portion of Plaintiff Pascual Reyes's tips in violations of the NYLL and supporting Department of Labor Regulations.

135. Plaintiff Pascual Reyes was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pascual Reyes respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pascual Reyes and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pascual Reyes and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Pascual Reyes's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken

23

against wages;

(e)  Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Pascual Reyes and the FLSA class members;

(f)  Awarding Plaintiff Pascual Reyes and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)  Awarding Plaintiff Pascual Reyes and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)  Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pascual Reyes and the members of the FLSA Class;

(i)   Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pascual Reyes and the members of the FLSA Class;

(j)  Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Pascual Reyes and the members of the FLSA Class;

(k)  Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Guaman's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Pascual Reyes and the FLSA Class members;

(m)     Awarding Plaintiff Pascual Reyes and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiff Pascual Reyes and the FLSA class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Pascual Reyes and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Pascual Reyes and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Pascual Reyes and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Pascual Reyes demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
        August 20, 2021

                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                            /s/ Michael Faillace
                        By:    Michael Faillace [MF-8436]
                               Michael Faillace & Associates, P.C.
                               Michael A. Faillace [MF-8436]
                               60 West 42nd Street, suite 4510
                               New York, New York 10165
                               Telephone: (212) 317-1200
                               Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

August 9, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    <u>Armando Pascual Reyes</u>

Legal Representative / Abogado:   <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:

Date / Fecha:                     <u>9 de Agosto de 2021</u>

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK    Attorney: MICHAEL FAILLACE &
ASSOCIATES, P.C. - 2371

ARMANDO PASCUAL REYES, INDIVIDUALLY AND ON BEHALF OF
OTHERS SIMILARLY SITUATED

Index #: 1:21-CV-07040-AT

Plaintiff(s)

-against-

Date Filed:

COPPOLA'S TUSCAN GRILL, LLC ETAL

**AFFIDAVIT OF SERVICE**

Defendant(s)

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

ANDRE MEISEL BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS
ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on August 26, 2021 at 02:19 PM at

C/O COPPOLA'S WEST
206 WEST 79TH STREET
NEW YORK, NY 10024

deponent served the within true copy/copies of the SUMMONS IN A CIVIL ACTION AND COMPLAINT on
SALVADOR COPPOLA, the defendant/respondent therein named,

**SUITABLE AGE**
by delivering thereat a true copy/copies of each to MR. FLOREN a person of suitable age and discretion. Said premises is the defendant's/respondent's actual place of business within the state. He identified himself as being AUTHORIZED to accept for the defendant/respondent.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|------|------------|------------|---------------|------------------|-----------------|
| MALE | WHITE | BLACK | 45 | 6'2 | 200 |

MUSTACHE BEARD

**MAILING**
Deponent enclosed a true copy/copies of same in a postpaid wrapper properly addressed to the defendant/respondent at the defendant's/respondent's actual place of business at

C/O COPPOLA'S WEST
206 WEST 79TH STREET
NEW YORK, NY 10024

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on August 26, 2021 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside envelope thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the party to be served.

**MILITARY SERVICE**
Person spoken to was asked whether the defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

Sworn to me on:  August 26, 2021

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2022

Robin Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2025

Gotham Process Inc.
299 Broadway
New York NY  10007

**ANDRE MEISEL**
License #: 1372356
Docket #:    *1197043*

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK   Attorney: MICHAEL FAILLACE & ASSOCIATES, P.C. - 2371

ARMANDO PASCUAL REYES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED

Index #: 1:21-CV-07040-AT

                                                         Plaintiff(s)

                    -against-

Date Filed:

COPPOLA'S TUSCAN GRILL, LLC ETAL

                                                         Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

ANDRE MEISEL BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on August 26, 2021 at 02:19 PM at

C/O COPPOLA'S WEST
206 WEST 79TH STREET
NEW YORK, NY 10024

deponent served the within true copy/copies of the SUMMONS IN A CIVIL ACTION AND COMPLAINT on
LUIS MENDIEPA, the defendant/respondent therein named,

**SUITABLE AGE** by delivering thereat a true copy/copies of each to MR. FLOREN a person of suitable age and discretion. Said premises is the defendant's/respondent's actual place of business within the state. He identified himself as the CO-WORKER of the defendant/respondent.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|------|------------|------------|----------------|-------------------|------------------|
| MALE | WHITE | BLACK | 45 | 6'2 | 200 |

MUSTACHE BEARD

**MAILING** Deponent enclosed a true copy/copies of same in a postpaid wrapper properly addressed to the defendant/respondent at the defendant's/respondent's actual place of business at

C/O COPPOLA'S WEST
206 WEST 79TH STREET
NEW YORK, NY 10024

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on August 26, 2021 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside envelope thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the party to be served.

**MILITARY SERVICE** Person spoken to was asked whether the defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

Sworn to me on: August 26, 2021

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2022

Robin Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2025

Gotham Process Inc.
299 Broadway
New York NY 10007

**ANDRE MEISEL**
License #: 1372356
Docket #:      *1197044*

ARMANDO PASCUAL REYES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED

Plaintiff(s)

-against-

COPPOLA'S TUSCAN GRILL, LLC ETAL

Defendant(s)

Index #: 1:21-CV-07040-AT

Date Filed:

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

ANDRE MEISEL BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on August 26, 2021 at 02:19 PM at



C/O COPPOLA'S WEST
206 WEST 79TH STREET
NEW YORK, NY 10024

deponent served the within true copy/copies of the SUMMONS IN A CIVIL ACTION AND COMPLAINT on MARIANO OUAPA, the defendant/respondent therein named,

**SUITABLE AGE**
by delivering thereat a true copy/copies of each to MR. FLOREN a person of suitable age and discretion. Said premises is the defendant's/respondent's actual place of business within the state. He identified himself as the CO-WORKER of the defendant/respondent.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| MALE | WHITE | BLACK | 45 | 6'2 | 200 |

MUSTACHE BEARD

**MAILING**
Deponent enclosed a true copy/copies of same in a postpaid wrapper properly addressed to the defendant/respondent at the defendant's/respondent's actual place of business at

C/O COPPOLA'S WEST
206 WEST 79TH STREET
NEW YORK, NY 10024

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on August 26, 2021 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside envelope thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the party to be served.

**MILITARY SERVICE**
Person spoken to was asked whether the defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

Sworn to me on:  August 26, 2021

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2022

Robin Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2025

Gotham Process Inc.
299 Broadway
New York NY  10007

**ANDRE MEISEL**
License #: 1372356
Docket #:     *1197045*



Attorney:
MICHAEL FAILLACE, ESQ.
CSM LEGAL, P.C.
60 EAST 42ND STREET SUITE 4510
NEW YORK NY 10165

5 6 0 4 9 7

UNITED STATES DISTRICT COURT-SOUTHERN DISTRICT
OF NEW YORK

**Index / case #: 1:21-CV-07040**

ARMANDO PASCUAL REYES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED

**AFFIDAVIT OF SERVICE**

　　　　Plaintiff

COPPOLA'S TUSCAN GRILL, LLC (D/B/A COPPOLA'S WEST), ET AL
　　　　Defendant

_Kings_ County, State of: _New York_ _Aaron Jones_ _NY_ being sworn, says: Deponent is not a party herein, is over the age of 18 years and resides in the State of: _NY_

On _1/20/22_ at _4:22_ am/pm at: 206 WEST 79TH STREET NEW YORK NY 10024

Deponent served the within: SUMMONS & COMPLAINT

On which were set forth the Index No., herein, and date of filing

On: **COPPOLA'S TUSCAN GRILL, LLC C/O SALVATORE COPPOLA**
　　**(herein after called the recipient) therein named.**

[ ] Individual — By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein

[ ] Suitable Age person — By delivering thereat a true copy of each to:_____
a person of suitable age and discretion.Said premises is recipients [ ] Actual Place of Residence
[ ] Actual Place of Business within the State.

[ ] Affixing to Door — By affixing a true copy of each to the door of said premises which is recipients [ ] Actual Place of Residence
[ ] Actual Place of Business, within the State
Deponent was unable with due diligence to find recipient or person of suitable age and discretion thereat having called there _____

[X] Corporation or Partnership — By delivering thereat a true copy of each to: _John Doe_
personally. Deponent knew said corporation / partnership so served to be the corporation / partnership described in said aforementioned document as said recipient and knew said individual to be _Managing Agent_ thereof.

[ ] Mailing — Within 20 days of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipients last known [ ] Actual Place of Residence [ ] Actual Place of Business
at _____
and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicateon the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

[X] Description

| [X] Male | [ ] White skin | [X] Black hair | [ ] 14-20 Yrs | [ ] Under 5' | [ ] Under 100 Lbs |
| [ ] Female | [ ] Black skin | [ ] Brown hair | [ ] 21-35 Yrs | [ ] 5'0"-5'3" | [ ] 100-130 Lbs |
|  | [ ] Yellow skin | [ ] Gray hair | [X] 36-50 Yrs | [X] 5'4"-5'8" | [X] 131-160 Lbs |
|  | [X] Brown skin | [ ] Blonde hair | [ ] 51-65 Yrs | [ ] 5'9"-6'0" | [ ] 161-200 Lbs |
|  | [ ] Red skin | [ ] Red hair | [ ] Over 65 Yrs | [ ] Over 6' | [ ] Over 200 Lbs |

Other Identifying Features _____

[ ] Military Service — I asked the person spoken to whether recipient was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

[ ] Subpoena Fee Tendered in the amount of _____

[ ] _____

Sworn to before me on _2/3/2022_

_Aaron Jones_
(Print name below signature)

_Aaron Jones - 2101664_

TAMARA TOWSHIN ALAM
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. L6369961
Qualified in Kings County
My Commission Expires: _1/18/2026_

File No. 1:21-cv-07040

**Work Order No.      560497**

SLS Process Serving Co. LLC  2094823
90 State St Albany NY 12207

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of New York

| | | |
|---|---|---|
| ARMANDO PASCUAL REYES, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| _Plaintiff(s)_ | ) ) ) | |
| v. | ) ) | Civil Action No.  1:21-cv-07040-AT |
| COPPOLA'S TUSCAN GRILL, LLC (d/b/a COPPOLA'S WEST) SALVADOR COPPOLA, LUIS MENDIEPA, and MARIANO OUAPA, | ) ) ) ) | |
| _Defendant(s)_ | ) ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Coppola's Tuscan Grill, LLC
c/o Salvatore Coppola
675 Summit Street
Englewood Cliffs, NJ 07632

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Catalina Sojo
CSM Legal, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date:   12/27/2021                                   s/ G. Pisarczyk

_Signature of Clerk or Deputy Clerk_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARMANDO PASCUAL REYES, individually
and on behalf of others similarly situated,

  Plaintiff,

                                      **Case: 21-cv-7040**

-against-

COPPOLA'S TUSCAN GRILL, LLC (d/b/a        **CERTIFICATE OF DEFAULT**
COPPOLA'S WEST), SALVADOR
COPPOLA, LUIS MENDIEPA AND
MARIANO OUAPA,

  Defendants.
-------------------------------------------------------X

       I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on August 20, 2021 with the filing of a summons and complaint; a copy of the summons and complaint was served, pursuant to Fed. R. Civ. P. 4(e)(1), on Defendant Salvador Coppola on August 26, 2021 by personally leaving a copy with Mr. Floren, a person of suitable age and discretion, who identified himself as a coworker and depositing true copies of the same in a post office or official depository under exclusive care and custody of the U.S. Postal Service within New York State on August 26, 2021 by regular first class mail; and proof of such service on the said Defendant was filed on August 31, 2021. (Dkt. No. 17)

       I further certify that the docket entries indicate that the above named Defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the Defendant Salvador Coppola is hereby noted.

Dated: New York, New York
        March   1  , 2022

                                    **RUBY J. KRAJICK**
                                    Clerk of the Court

                                    K. mango
                                By:_____
                                    Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARMANDO PASCUAL REYES, individually
and on behalf of others similarly situated,

  Plaintiff,

-against-

COPPOLA'S TUSCAN GRILL, LLC (d/b/a
COPPOLA'S WEST), SALVADOR
COPPOLA, LUIS MENDIEPA AND
MARIANO OUAPA,

  Defendants.
-------------------------------------------------------X

**Case: 21-cv-7040**

**CERTIFICATE OF DEFAULT**

     I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on August 20, 2021 with the filing of a summons and complaint; a copy of the summons and complaint was served, pursuant to Fed. R. Civ. P. 4(e)(1), on Defendant Luis Mendiepa on August 26, 2021 by personally leaving a copy with Mr. Floren, a person of suitable age and discretion, who identified himself as a coworker and depositing true copies of the same in a post office or official depository under exclusive care and custody of the U.S. Postal Service within New York State on August 26, 2021 by regular first class mail; and proof of such service on the said Defendant was filed on August 31, 2021. (Dkt. No. 15)

     I further certify that the docket entries indicate that the above named Defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the Defendant Luis Mendiepa is hereby noted.

Dated:  New York, New York
       March ___1___, 2022

                     **RUBY J. KRAJICK**
                     Clerk of the Court

                     By:___*K. Mango*___
                     Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ARMANDO PASCUAL REYES, individually
and on behalf of others similarly situated,

  Plaintiff,

  -against-

COPPOLA'S TUSCAN GRILL, LLC (d/b/a
COPPOLA'S WEST), SALVADOR
COPPOLA, LUIS MENDIEPA AND
MARIANO OUAPA,

  Defendants.
------------------------------------------------------X

**Case: 21-cv-7040**

**CERTIFICATE OF DEFAULT**

    I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on August 20, 2021 with the filing of a summons and complaint; a copy of the summons and complaint was served, pursuant to Fed. R. Civ. P. 4(e)(1), on Defendant Mariano Ouapa on August 26, 2021 by personally leaving a copy with Mr. Floren, a person of suitable age and discretion, who identified himself as a coworker and depositing true copies of the same in a post office or official depository under exclusive care and custody of the U.S. Postal Service within New York State on August 26, 2021 by regular first class mail; and proof of such service on the said Defendant was filed on August 31, 2021. (Dkt. No. 16)

    I further certify that the docket entries indicate that the above named Defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the Defendant Mariano Ouapa is hereby noted.

Dated: New York, New York
     March ____I____, 2022

                                   **RUBY J. KRAJICK**
                                   Clerk of the Court

                                   *K. Mango*
                                   By:_____
                                   Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARMANDO PASCUAL REYES, individually
and on behalf of others similarly situated,

    Plaintiff,

-against-

COPPOLA'S TUSCAN GRILL, LLC (d/b/a
COPPOLA'S WEST), SALVADOR
COPPOLA, LUIS MENDIEPA AND
MARIANO OUAPA,

    Defendants.
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/2/2022

**Case: 21-cv-7040**

**CERTIFICATE OF DEFAULT**

    I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on August 20, 2021 with the filing of a summons and complaint; a copy of the summons and complaint was served, pursuant to Fed. R. Civ. P. 4(e)(1), on Defendant Coppola's Tuscan Grill LLC d/b/a Coppola's West on January 26, 2022 by personally delivering a true copy of each to John Doe, managing agent, and proof of such service on the said Defendant was filed on February 28, 2022. (Dkt. No. 31)

    I further certify that the docket entries indicate that the above named Defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the Defendant Coppola's Tuscan Grill LLC is hereby noted.

Dated: New York, New York
     March ___2___, 2022

                                   **RUBY J. KRAJICK**
                                   Clerk of the Court

                                 By: _Mango_
                                   Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

ARMANDO PASCUAL REYES, *individually*
*and on behalf of others similarly situated,*

                         *Plaintiff,*

               -against-

COPPOLA'S TUSCAN GRILL, LLC (d/b/a
COPPOLA'S WEST), SALVADOR COPPOLA,
LUIS MENDIEPA AND MARIANO OUAPA,

                         *Defendants.*

-------------------------------------------------------X

         21-cv-07040
         **DECLARATION OF**
         **ARMANDO PASCUAL REEYES**

    1.      I, Armando Pascual Reyes, declare under penalty of perjury, pursuant to 28

U.S.C. §1746, that:

    2.      I am a Plaintiff in the above-captioned action, and I have personal knowledge of

the matters stated below.

    3.      I reside in New York County, New York.

    4.      I was employed as a porter and ostensibly as a delivery worker by Defendants at

their Italian restaurant located at 206 W. 79th St., New York, NY 10024.

    5.      Defendants had the power to hire and fire me, control my terms and conditions of

employment, and determine the rate and method of my compensation.

    6.      I know Defendants is not in the military service of the United States because I have

seen him regularly at Coppola's West, where I worked.

    7.      I worked for the Defendants at Coppola's West from approximately October 2017

until on or about July 19, 2021.

8.      At all times I worked as a porter and delivery worker.

9.      My duties required neither discretion nor independent judgment.

10.     From approximately October 2017 until on or about March 2020, I worked from approximately 10:00 a.m. until on or about 8:30 p.m., six days a week (typically 63 hours per week).

11.     From approximately March 2020 until on or about June 2021, I worked from approximately 10:00 a.m. until on or about 8:30 p.m. six days a week (typically 52.5 hours per week).

12.     From approximately June 2021 until on or about July 19, 2021, I worked from approximately 10:00 a.m. until on or about 4:00 p.m. five days a week (typically 30 hours per week).

13.     These hours differed from what they told me my schedule would be. I would always be expected to work four to five hours longer than my scheduled departure. In order to release my pay every week, Defendants required me to sign a document that falsely stated I worked four to five hours less per day than I actually had.

14.     Throughout my employment, Defendants paid me my wages in cash or personal check.

15.     Defendants never paid me at an overtime rate for hours that I worked over forty per week.

16.     From October 2017 until on or about July 19, 2021, I was paid a fixed daily salary of $75.00 per day.

17.     For three weeks in April, Defendants did not pay me anything for three weeks of work.

18.     Defendants withheld $770.00 in tips that I had earned during my last week of work.

19.     Defendants never granted me any breaks or meal periods of any kind. I was told I would receive a break of thirty minutes per day, but I would never be allowed to take it. Instead, they would interrupt my break after five or ten minutes and tell me to go back to work.

20.     I was never notified by Defendants that my tips were being included as an offset for wages.

21.     Defendants did not account for these tips in any daily or weekly accounting of my wages.

22.     Although I was hired as a delivery worker, I spent more than two hours per day doing non-delivery work – cleaning the restaurant, including the basement, bathrooms, and outside. I was also tasked with restocking supplies that were delivered to the restaurant.

23.     I was not required to keep track of my time; however, the Defendants did utilize a time tracking device.

24.     Defendants did not provide me an accurate statement of wages.

25.     On a number of occasions, Defendants required me to sign a document that stated that I was receiving an hourly rate. This was false, as I was always paid a fixed daily rate.

26.     Defendants did not provide me with an accurate statement of wages.

27.     Defendants required me to purchase tools for my job with my own money. During my time working for the Defendants, I paid $5,150 to purchase three electric bicycles, and $45 for a helmet.

28.     I remain unpaid for minimum wages and overtime wages.

29.     I respectfully submit this declaration in support of my motion for default judgment.

30.     This document has been translated to me in my native language of Spanish, and I fully comprehend the contents. ("Este documento ha sido traducido y yo comprendo todos los términos.").

31.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:      New York, NY

          3 / 14 / 22
          Date

                                              _____
                                              Armando Pascual Reyes

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
ARMANDO PASCUAL REYES, *individually*
*and on behalf of others similarly situated,*

                                      **21-cv-7040**

                   *Plaintiffs,*

        -against-

                                    **PROPOSED**
COPPOLA'S TUSCAN GRILL, LLC (d/b/a           **DEFAULT JUDGMENT**
COPPOLA'S WEST), SALVADOR
COPPOLA, LUIS MENDIEPA AND
MARIANO OUAPA,
                         *Defendants.*
-----------------------------------------------------X

## JUDGMENT

On August 20, 2021 this action was commenced by Plaintiffs' filing of the complaint.

(Dkt. No. 1). The summons and complaint in this action having been duly served on defendants

COPPOLA'S TUSCAN GRILL, LLC (d/b/a COPPOLA'S WEST), SALVADOR COPPOLA,

LUIS MENDIEPA AND MARIANO OUAPA, and said Defendants having failed to plead or

otherwise defend in this action, and said default having been duly noted, and upon the annexed

declaration of default judgment,

NOW, on motion of Plaintiff, by his attorneys CSM Legal, P.C., it is hereby ORDERED,

ADJUDGED AND DECREED:

That the Plaintiffs have judgment against Defendants COPPOLA'S TUSCAN GRILL,

LLC (d/b/a COPPOLA'S WEST), SALVADOR COPPOLA, LUIS MENDIEPA AND

MARIANO OUAPA., in the amount of $290,105.38, including compensatory damages and

permissible liquidated damages and prejudgment interest, plus post judgment interest as provided

in 28 U.S.C. § 1961(a).

That the Plaintiffs are awarded attorneys' fees and costs in the amount of $4,887.00

That if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgement shall automatically increase by fifteen percent, as required by NYLL § 198(4).

Dated: New York, New York

ISSUED: _____, 2022

_____

HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE

# CSM Legal, P.C.

60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Armando Pascual Reyes                                             March 21, 2022

|                | File #: | CoppolasWest |
|----------------|---------|--------------|
| **Attention:** | Inv #:  | Sample       |

**RE:**     Pascual Reyes et al v. Coppola's Tuscan Grill, LLC et al 1:21-cv-07040

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Aug-16-21 | Intake | 1.10 | 110.00 | PL |
| Aug-20-21 | Draft Complaint | 1.30 | 130.00 | PL |
| Aug-23-21 | Review file and docket. | 0.40 | 140.00 | CE |
|  | Finalize and file NOA. | 0.20 | 70.00 | CE |
| Nov-10-21 | Phone call with V. Sader | 0.20 | 70.00 | CE |
|  | Review email from V. Sader | 0.10 | 35.00 | CE |
|  | Consult with other counsel. | 0.10 | 35.00 | CE |
| Nov-17-21 | Draft email to V. Sader | 0.30 | 105.00 | CE |
| Jan-25-22 | Consult w PL and process server re status of service. | 0.40 | 140.00 | CE |
|  | Consult with PL and process server re service attempts on corporation. | 0.40 | 140.00 | CE |
|  | Consult with PL and process server re diligence search | 0.40 | 140.00 | CE |
| Jan-28-22 | Draft and file letter motion to compell. | 0.80 | 280.00 | CE |

|          |                                          |       |            |    |
|----------|------------------------------------------|-------|------------|----|
|          | Draft and file motion for extension.     | 0.80  | 280.00     | CE |
|          | Draft and file letter motion             | 0.70  | 245.00     | CE |
| Feb-01-22 | Review order.                           | 0.10  | 35.00      | CE |
|          | REview order                             | 0.10  | 35.00      | CE |
| Feb-02-22 | Case meeeting                           | 0.20  | 70.00      | CE |
| Feb-14-22 | Review order                            | 0.10  | 35.00      | CE |
| Mar-01-22 | Draft request for CODs.                 | 0.60  | 210.00     | CE |
|          | Draft amended request for COD            | 0.30  | 105.00     | CE |
| Mar-02-22 | Revise and resubmit request for COD.    | 0.20  | 70.00      | CE |
| Mar-04-22 | Draft plaintiff declaration             | 0.70  | 245.00     | CE |
|          | Calculate damages.                       | 0.80  | 280.00     | CE |
|          | Review file                              | 0.30  | 105.00     | CE |
| Mar-07-22 | Preparation  of exhibits to default.    | 0.60  | 210.00     | CE |
|          | Revise affirmation                       | 0.30  | 105.00     | CE |
| Mar-10-22 | Revise motion papers                    | 0.80  | 280.00     | CE |
|          | Preparation  of exhibits for default motion | 0.60 | 210.00  | CE |
| Mar-14-22 | Revise client affidavit for execution   | 0.40  | 140.00     | CE |
| Mar-21-22 | Preparation of OTSC                      | 0.30  | 105.00     | CE |
|          | Totals                                   | 13.60 | $4,160.00  |    |

**DISBURSEMENTS**

| Aug-20-21 | Filing Fee                  | 402.00 |
|-----------|-----------------------------|--------|
| Aug-26-21 | Service on Salvador Coppola | 50.00  |
|           | Service on Mariano Ouapa    | 50.00  |

|  |  |  |  |
|---|---|---|---|
|  | Service on Luis Mendiepa | 50.00 |  |
|  | Service on Coppola's Tuscan Grill | 75.00 |  |
| Jan-26-22 | Attempted service on Coppola's Tuscan Grill | 50.00 |  |
|  | Service on Coppola's Tuscan Grill | 50.00 |  |
|  | Totals | $727.00 |  |

**Total Fee & Disbursements**                                    **$4,887.00**

**Balance Now Due**                                              **$4,887.00**

Privileged Settlement Communication                                                      Subject to  Revision / Correction

| Plaintiff | Pay Period | | No. Weeks in Pay Period | Hours Per Week in Period | SOH Days Per Wk in Period | Days Worked | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From | To | | | | | | | | | | | | |
| **Armando Reyes** | 10/1/2017 | 12/30/2017 | 13 | 63 | 6 | 6 | $ 11.25 | $ 16.88 | $ 11.00 | $ 16.50 | $ 838.13 | $ 450.00 | $ 388.13 | $ 5,045.63 |
| | 12/31/2017 | 12/30/2018 | 52 | 63 | 6 | 6 | $ 11.25 | $ 16.88 | $ 13.00 | $ 19.50 | $ 968.50 | $ 450.00 | $ 518.50 | $ 26,962.00 |
| | 12/31/2018 | 12/30/2019 | 52 | 63 | 6 | 6 | $ 11.25 | $ 16.88 | $ 15.00 | $ 22.50 | $ 1,117.50 | $ 450.00 | $ 667.50 | $ 34,710.00 |
| | 12/31/2019 | 3/15/2020 | 11 | 63 | 6 | 6 | $ 11.25 | $ 16.88 | $ 15.00 | $ 22.50 | $ 1,117.50 | $ 450.00 | $ 667.50 | $ 7,342.50 |
| | 3/16/2020 | 4/7/2020 | 3 | 52.5 | 5 | 5 | $ - | $ - | $ 15.00 | $ 22.50 | $ 881.25 | $ - | $ 881.25 | $ 2,643.75 |
| | 4/8/2020 | 6/1/2021 | 60 | 52.5 | 5 | 5 | $ 9.38 | $ 14.06 | $ 15.00 | $ 22.50 | $ 881.25 | $ 375.00 | $ 506.25 | $ 30,375.00 |
| | 6/2/2021 | 7/19/2021 | 7 | 30 | 0 | 5 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 450.00 | $ 375.00 | $ 75.00 | $ 525.00 |
| | | | | | | | | | | | | | | $ 107,603.88 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.

2 Plaintiffs reserve the right to correct or amend this chart.

3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

1 of 3

Privileged Settlement Communication

Subject to Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | Liq. Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tips Withheld | Tools of the trade |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Armando Reyes** | 10/1/2017 | 12/30/2017 | $ 5,045.63 | $ 858.00 | $ 858.00 | $ 5,000.00 | $ 5,000.00 | $ 1,953.86 | $ 332.25 | | $ 5,195.00 |
| | 12/31/2017 | 12/30/2018 | $ 26,962.00 | $ 4,056.00 | $ 4,056.00 | | | $ 8,924.92 | $ 1,342.61 | | |
| | 12/31/2018 | 12/30/2019 | $ 34,710.00 | $ 4,680.00 | $ 4,680.00 | | | $ 8,365.76 | $ 1,127.97 | | |
| | 12/31/2019 | 3/15/2020 | $ 7,342.50 | $ 990.00 | $ 990.00 | | | $ 1,370.47 | $ 184.78 | | |
| | 3/16/2020 | 4/7/2020 | $ 2,643.75 | $ 225.00 | $ 225.00 | | | $ 461.18 | $ 39.25 | | |
| | 4/8/2020 | 6/1/2021 | $ 30,375.00 | $ 4,500.00 | $ 4,500.00 | | | $ 3,639.74 | $ 539.22 | | |
| | 6/2/2021 | 7/19/2021 | $ 525.00 | $ - | $ - | | | $ 32.62 | $ - | $ 770.00 | |
| | | | **$ 107,603.88** | **$ 15,309.00** | **$ 15,309.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 24,748.55** | **$ 3,566.08** | **$ 770.00** | **$ 5,195.00** |

| | |
|---|---|
| **Filing Date** | **11/21/2019** |
| **FLSA** | **11/21/2013** |
| **NYLL** | **11/21/2016** |
| **Amendment** | **4/9/2011** |
| **Today** | **3/4/2022** |

Privileged Settlement Communication                                                    Subject to  Revision / Correction

| Plaintiff | Pay Period | | Total Per Period |
|---|---|---|---|
| | From | To | |
| **Armando Reyes** | 10/1/2017 | 12/30/2017 | $ 29,288.36 |
| | 12/31/2017 | 12/30/2018 | $ 72,303.54 |
| | 12/31/2018 | 12/30/2019 | $ 88,273.72 |
| | 12/31/2019 | 3/15/2020 | $ 18,220.25 |
| | 3/16/2020 | 4/7/2020 | $ 6,237.93 |
| | 4/8/2020 | 6/1/2021 | $ 73,928.96 |
| | 6/2/2021 | 7/19/2021 | $ 1,852.62 |
| | | | |
| | | | $ 290,105.38 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARMANDO PASCUAL REYES, individually and
on behalf of others similarly situated,

                              Plaintiff,

              -against-

COPPOLA'S TUSCAN GRILL, LLC (d/b/a
COPPOLA'S WEST), SALVADOR COPPOLA,
LUIS MENDIEPA AND MARIANO OUAPA,

                              Defendants.

ANALISA TORRES, District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _4/28/2022_

21 Civ. 7040 (AT)

**ORDER**

On March 21, 2021, Plaintiff moved by order to show cause for default judgment against Defendants. ECF No. 44. Plaintiff submitted affidavits, accompanying exhibits, and a proposed default judgment in support (the "Supporting Papers"). ECF Nos. 45–46. Accordingly:

1. **On June 28, 2022**, at **12:00 p.m.**, Defendant Coppola's Tuscan Grill, LLC, through counsel, and Defendants Salvador Coppola, Luis Mendiepa, and Mariano Ouapa, shall appear at a telephonic conference to show cause why the Court should not enter a default judgment against them pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Plaintiff shall also appear. The parties are directed to dial 888-398-2342 or 215-861-0674, and enter access code 5598827.

2. By **May 6, 2022**, Plaintiff shall serve copies of this Order to Show Cause and the Supporting Papers on Defendant Coppola's Tuscan Grill, LLC via hand-delivery or first-class mail **and** service on the Secretary of State. N.Y. Business Corp. Law § 306. Plaintiff shall also serve the same through hand-delivery on Defendants Salvador Coppola, Luis Mendiepa, and Mariano Ouapa.

3. By **May 13, 2022**, Plaintiff shall file on the docket (1) proof of service, and (2) the Supporting Papers that were served upon Defendants (as an attachment to the proof of service).

4. By **May 27, 2022**, Defendants shall respond to Plaintiff's motion.

5. By **June 3**, **2022**, Plaintiff shall submit his reply, if any.

SO ORDERED.

Dated: April 28, 2022
       New York, New York

                                        _____
                                              **ANALISA TORRES**
                                        United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ARMANDO PASCUAL REYES, *individually*
*and on behalf of others similarly situated,*

                         **21-cv-7040**

             *Plaintiffs*,

      -against-

                         **PROPOSED**
COPPOLA'S TUSCAN GRILL, LLC (d/b/a      **DEFAULT JUDGMENT**
COPPOLA'S WEST), SALVADOR
COPPOLA, LUIS MENDIEPA AND
MARIANO OUAPA,
             *Defendants.*
------------------------------------------------------X

## JUDGMENT

On August 20, 2021 this action was commenced by Plaintiffs' filing of the complaint.

(Dkt. No. 1). The summons and complaint in this action having been duly served on defendants

COPPOLA'S TUSCAN GRILL, LLC (d/b/a COPPOLA'S WEST), SALVADOR COPPOLA,

LUIS MENDIEPA AND MARIANO OUAPA, and said Defendants having failed to plead or

otherwise defend in this action, and said default having been duly noted, and upon the annexed

declaration of default judgment,

NOW, on motion of Plaintiff, by his attorneys CSM Legal, P.C., it is hereby ORDERED,

ADJUDGED AND DECREED:

That the Plaintiffs have judgment against Defendants COPPOLA'S TUSCAN GRILL,

LLC (d/b/a COPPOLA'S WEST), SALVADOR COPPOLA, LUIS MENDIEPA AND

MARIANO OUAPA., in the amount of $290,105.38, including compensatory damages and

permissible liquidated damages and prejudgment interest, plus post judgment interest as provided

in 28 U.S.C. § 1961(a).

That the Plaintiffs are awarded attorneys' fees and costs in the amount of $4,887.00

That if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgement shall automatically increase by fifteen percent, as required by NYLL § 198(4).

Dated: New York, New York

ISSUED: _____, 2022


_____
HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE